UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:06-CR-057 JD |
| | ) | 3:15-CV-596 |
| JAMES S. JENKINS | ) | |

## OPINION AND ORDER

This matter is before the Court on defendant James S. Jenkins' motion to vacate his sentence pursuant to 28 U.S.C. § 2255. [DE 25]. Mr. Jenkins was convicted for possessing a firearm as a felon. Ordinarily, such a conviction carries a maximum term of imprisonment of 10 years. However, because Mr. Jenkins had at least three convictions that qualified as either violent felonies or serious drug offenses at the time, the Armed Career Criminal Act increased his mandatory minimum term of imprisonment to 15 years. Accordingly, Mr. Jenkins was sentenced in March 2007 to 180 months of imprisonment. Subsequently, the Supreme Court held in *Johnson v. United States*, 135 S. Ct. 2551 (2015) that a portion of the definition of "violent felony" in the Armed Career Criminal Act—referred to as the "residual clause"—was void for vagueness, in violation of the Due Process Clause. In his present motion, Mr. Jenkins, through counsel, argues that four of the five convictions that qualified him for armed career criminal status constituted violent felonies only under the residual clause, meaning he no longer qualifies for the enhanced statutory penalties. He therefore asks that his sentence be vacated under 28 U.S.C. § 2255 and that he be resentenced to a term within the statutory maximum of 10 years of imprisonment. The government agrees that Mr. Jenkins qualifies for relief under § 2255 in light of *Johnson*, and asks that his motion be granted.

Section 2255 allows a defendant to move to vacate, set aside, or correct a sentence that was imposed in violation of the Constitution of the United States. 28 U.S.C. § 2255(a). The

Supreme Court held in *Johnson* that increasing a defendant's sentence based on the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), violates the Due Process Clause of the Fifth Amendment because its vagueness denies fair notice to defendants of the sentences they may face and invites arbitrary enforcement. *Johnson*, 135 S. Ct. at 2557. In addition, the Seventh Circuit held in *Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015), that "*Johnson* announces a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive to final convictions." Therefore, defendants whose sentences were increased based on the residual clause of the Armed Career Criminal Act can qualify for relief under § 2255.

The Armed Career Criminal Act applies when a defendant has three convictions that constitute a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). Here, Mr. Jenkins had one conviction for a serious drug offense, which was his 1995 conviction for possession of cocaine with intent to deliver. He also had four convictions for Aggravated Criminal Sexual Assault under Illinois law. At the time Mr. Jenkins was originally sentenced, these convictions constituted violent felonies under the residual clause of the Armed Career Criminal Act because they "otherwise involve[d] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(b)(2)(B)(ii). However, *Johnson* struck that clause, so the convictions can no longer constitute violent felonies on that basis. 135 S. Ct. at 2563. Nor are those convictions for "burglary, arson, or extortion," and they do not "involve[] use of explosives," 18 U.S.C. § 924(b)(2)(B)(ii), so they cannot constitute violent felonies under that prong of the definition, either.

Thus, the convictions for Aggravated Criminal Sexual Assault could only constitute violent felonies if they have "as an element the use, attempted use, or threatened use of physical

force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). In this context, physical force means "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). In his first two convictions, Mr. Jenkins was charged with violating Chapter 38, Section 12-14(b)(1) of the Illinois Revised Statutes 1985, under which an offense is committed when "the accused was 17 years of age or over and commits an act of sexual penetration with a victim who was under 13 years of age when the act was committed." In the latter two convictions, Mr. Jenkins was charged with violating Chapter 38, Section 13-14(b)(2)(i), under which an offense is committed when "the accused was under 17 years of age and commits an act of sexual penetration with a victim who was under 13 years of age when the act was committed."[1] Neither of those statutes has as an element the use of physical force. Rather, both offenses are defined by the respective ages of the accused and the victim, and do not require that the accused accomplished the sexual contact through the actual, attempted, or threatened use of physical force.[2]

Therefore, in light of *Johnson*, Mr. Jenkins only has one conviction for a violent felony or serious drug offense, and thus does not qualify for the enhanced statutory penalties under the Armed Career Criminal Act. His sentence of 15 years, which exceeds the statutory maximum sentence of 10 years that would otherwise apply, 18 U.S.C. § 924(a)(2), is thus unlawful, so Mr. Jenkins is entitled to relief under § 2255. The Court therefore grants Mr. Jenkins' motion.

---

[1] The charging documents specifying the precise statutes of conviction are not present in the record, and the original Presentence Report did not specify those details, either. However, Mr. Jenkins' motion purports to quote from the charging documents that specify these particular statutory sections, and the government adopts those representations, so the Court accepts as undisputed that Mr. Jenkins' convictions arose under these particular sections.

[2] The charging document for the last of the four convictions alleged that Mr. Jenkins used force to commit the act, but it did not charge Mr. Jenkins with violating a statutory section for which the use of force was an element. Even if that conviction satisfied the force clause, though, Mr. Jenkins would still only have two qualifying convictions, and would still be eligible for relief.

In his reply brief, Mr. Jenkins asks to be resentenced to a term of imprisonment of 120 months, or time served. Mr. Jenkins has now been in custody for over 9 and a half years, and with credit for good time, he believes that he will have already served the statutory maximum sentence. Mr. Jenkins requests that the remaining terms of his original sentence be re-imposed, except for the conditions of his supervised release, which he asks to be modified in accordance with the Court's current practices. Mr. Jenkins further filed a notice in which he waives his right to be present at any hearing. The government has filed a notice in which it agrees that Mr. Jenkins should be sentenced to time served[3] and that his conditions of supervision should be modified as requested. Because it appears that Mr. Jenkins has already served the statutory maximum sentence, and he has certainly served more than the low end of the advisory guideline range, the Court agrees that it is proper to reduce his term of imprisonment to time served or 120 months, whichever is less. The Court also agrees, in light of *United States v. Siegel*, 753 F.3d 705 (7th Cir. 2014) and 18 U.S.C. § 3583(d), that the conditions of Mr. Jenkins' supervision should be modified and that the conditions Mr. Jenkins proposed are suited to his circumstances. However, the Court modifies paragraph 11 to correct an omission, so that it states in full:

> The defendant shall participate in a substance abuse treatment or aftercare program and shall abide by all program requirements request of the defendant and restrictions, consistent with the conditions of the treatment provider. Upon the request of the defendant, treatment/aftercare provider or probation, the court may revise those conditions. While under supervision, the defendant shall not consume alcoholic beverages. The defendant shall pay all or part of the costs for participation in the program, not to exceed the sliding fee scale as established by the Department of Health and Human Services and adopted by this court. The defendant shall not be revoked for his inability to pay such costs.

---

[3] The government agreed in the plea agreement to recommend a sentence at the low end of the advisory guideline range, which the parties agree is now 110 months, and Mr. Jenkins has already served that term even without including credit for good time.

In summary, the Court GRANTS Mr. Jenkins' motion for relief under 28 U.S.C. § 2255 [DE 25], and DIRECTS the Clerk of the Court to enter judgment accordingly in case number 3:15-CV-596. The Court further GRANTS Mr. Jenkins' request for resentencing, and DIRECTS the Clerk of the Court to enter an amended judgment in case number 3:06-CR-57 that amends the total term of imprisonment to "time served or 120 months, whichever is less"; that substitutes the existing conditions of supervision with the conditions set forth in paragraphs 1 through 11 (with paragraph 11 amended as described above) of pages 4 through 5 of Mr. Jenkins' reply brief; and that states that the special assessment is imposed "with credit for any payments previously made."

SO ORDERED.

ENTERED: January 5, 2016

/s/ JON E. DEGUILIO
Judge
United States District Court